| Modesta v Peruvian Connection LLC |
|:---:|
| 2025 NY Slip Op 30087(U) |
| January 8, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 156991/2018 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. ARLENE P. BLUTH**

*Justice*

PART **14**

------------------------------------------------------------------------------X

EDA MODESTA,

Plaintiff,

- v -

PERUVIAN CONNECTION LLC,PERUVIAN CONNECTION, LTD., FIVE STAR MANAGEMENT COMPANY, INC.,341 COLUMBUS REALTY COMPANY, LLC

Defendant.

------------------------------------------------------------------------------X

INDEX NO.  156991/2018

MOTION DATE  01/06/2025

MOTION SEQ. NO.  002

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75

were read on this motion to/for    VACATE - DECISION/ORDER/JUDGMENT/AWARD.

Plaintiff's motion to vacate and reargue this Court's decision is denied.

**Background**

This action concerns plaintiff's allegations that she was injured due to a slip and fall on an icy sidewalk in March 2017. Previously, this Court denied plaintiff's motion to amend her bill of particulars (NYSCEF Doc. No. 57). The Court found that plaintiff's attempt to include injuries from a fall in July 2023 was not causally connected and therefore was not permitted given the age of this case; plaintiff filed a note of issue on November 9, 2020.

Plaintiff now moves to vacate this Court's decision on the ground that she did not get a chance to file a reply in the prior motion. She explains that "the County Clerk bounced the Plaintiff's stipulation and allowed the motion to be decided before the Plaintiff was ready to file her Reply brief" (NYSCEF Doc. No. 59, ¶ 9). Plaintiff complains that "As a result of filing or timing error, by Plaintiff's counsel's office, the third stipulation was not filed with the Court

**156991/2018   MODESTA, EDA vs. PERUVIAN CONNECTION LLC**
**Motion No.  002**

**Page 1 of 4**

1 of 4

until a day after the return date. Plaintiff's counsel mistakenly believed he had more time to file the stipulation and that the court would not decide the motion so quickly. In fact, the stipulation was filed a day late and the return date of the motion continued to be carried by the Court as September 17, 2024" (*id.* ¶ 10).

In opposition, defendants contend that their counsel was the one who notified plaintiff's attorney that plaintiff had not uploaded reply papers and attaches an email chain to this effect (NYSCEF Doc. No. 71). They argue that they notified plaintiff about the missing reply as a professional courtesy. Defendants argue that most of plaintiff's motion is actually a motion to renew as she references evidence not submitted in the prior motion, including the report of a doctor (Dr. Kelly).

In reply, plaintiff emphasizes that the parties agreed to stipulate to adjourn the motion to allow plaintiff to file a reply. She contends that she properly titled the instant motion as one to reargue because the Court overlooked the fact that the parties had agreed to adjourn the motion and so Dr. Kelly's report should be considered.

**Reargument**

As an initial matter, the Court denies the branch of the motion that seeks to reargue.[1]

**Vacatur**

The second branch of plaintiff's motion seeks vacatur of this Court's decision because the parties filed an adjournment of the prior motion. However, as the parties acknowledge, that adjournment was untimely filed. The latest return date of the motion was September 17, 2024

---

[1] The Court observes that plaintiff repeatedly cites to substantive evidence (such as a doctor's report) that was not included in the prior motion. The Court cannot consider such evidence as plaintiff only seeks to reargue, not renewal. In fact, after defendants raised this issue in opposition plaintiff insisted that she is only seeking reargument in her reply papers (NYSCEF Doc. No. 74 at 6). Therefore, as an additional ground, the Court denies this branch of plaintiff's motion because she has conflated reargument and renewal without proper separation (CPLR 2221[f]).

**156991/2018   MODESTA, EDA vs. PERUVIAN CONNECTION LLC**
**Motion No.  002**

Page 2 of 4

and the motion was marked fully submitted that day. That the parties attempted to submit an adjournment after the return date made that adjournment request a nullity—that is why the General Clerk's office properly rejected the untimely adjournment request.

Plaintiff's excuse for letting the motion get submitted is wholly confounding. She contends that "[m]ost recently it has been the experience of this office that it takes many weeks and months sometimes for an Order to be issues [sic] and we didn't believe there would be a problem filing the late Reply especially since defense counsel stipulated to allow us to file a late Reply" (NYSCEF Doc. No. 59, ¶ 42). Plaintiff appears to fault this Court for issuing a prompt decision; the Court uploaded a decision the day after the prior motion was marked submitted.

Assuming that this Court would need months to issue a decision is not a reasonable excuse for seeking an adjournment after a motion is already marked fully submitted. It ignores the entire process by which a motion is presented to a judge. If the parties let a return date pass without seeking an adjournment, then the motion is marked ready for the Court's review. It is this part's practice to review all motions as soon as they are marked submitted and, ideally, immediately begin drafting decisions.

Plaintiff's counsel had actual knowledge of the return date and, at least on this record, offered no adequate justification for letting the motion be marked submitted without first seeking an adjournment. In fact, it appears that nothing would have happened had defendants' counsel not raised the issue. Moreover, the relief plaintiff seeks would only frustrate a Court's ability to manage its motion inventory. It would seem to require a judge to first check with the parties to make sure a motion can be decided before drafting each decision instead of simply relying upon the fact that the parties decided to let the motion be marked submitted.

Accordingly, it is hereby

**156991/2018   MODESTA, EDA vs. PERUVIAN CONNECTION LLC**
**Motion No.  002**

**Page 3 of 4**

ORDERED that plaintiff's motion to vacate and renew is denied.

_____
**1/8/2025**
**DATE**

_____
**ARLENE P. BLUTH, J.S.C.**

**CHECK ONE:** | [ ] CASE DISPOSED | [X] NON-FINAL DISPOSITION
| [ ] GRANTED [X] DENIED | [ ] GRANTED IN PART | [ ] OTHER
**APPLICATION:** | [ ] SETTLE ORDER | [ ] SUBMIT ORDER
**CHECK IF APPROPRIATE:** | [ ] INCLUDES TRANSFER/REASSIGN | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE

**156991/2018   MODESTA, EDA vs. PERUVIAN CONNECTION LLC**
**Motion No.  002**

**Page 4 of 4**

4 of 4

[* 4]